CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 30 2020

JULIA C. DUDLEY, CLERK
BY: /s/ C. Surber
DEPUTY CLERK

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Virginia

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Zeidan Hamad Saado | ) | Case No. 1:20mj11 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 28, 2020__ in the county of __Wythe__ in the
__Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2314 | Interstate transportation of stolen goods, wares, merchandise, securities or money. |
| 18 U.S.C. § 371 | Conspiracy to commit the interstate transportation of stolen goods, wares, merchandise, securities or money. |

This criminal complaint is based on these facts:
See attached affidavit of Charles G. Jarboe, Special Agent, Federal Bureau of Investigation

☑ Continued on the attached sheet.

_/s/ Charles G. Jarboe_
Complainant's signature

Charles G. Jarboe, Special Agent, FBI
Printed name and title

Sworn to before me ~~and signed in my presence~~ telephonically.
pms
Date: 1/~~28~~30/20

_/s/ Pamela Meade Sargent_
Judge's signature

City and state: Abingdon, VA

Pamela Meade Sargent USMJ
Printed name and title

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZEIDAN HAMAD SAADO | Case No. _____ |

### AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Charles G. Jarboe, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of a complaint and arrest warrant under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure.

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since May, 2019. I received initial training and instruction to become a Special Agent at the FBI Academy located in Quantico, Virginia, which included training concerning violations of the United States criminal statutes. I am currently assigned to the Richmond Division of the FBI, Roanoke Resident Agency. I am presently and have been previously assigned to investigate a variety of criminal matters, to include robberies, robberies affecting interstate commerce, and violent criminal acts.  Further, I have experience and training in a variety of investigative and legal matters, including the topics of lawful arrests, the drafting of search warrant affidavits, and probable cause and have testified before a federal grand jury. Prior to being a Special Agent with the FBI, I practiced law for approximately ten years, where I was most recently a partner in the litigation department of a firm with a practice focused on complex commercial litigation matters. As

1

a result, I have extensive experience with affidavits and federal law and practice.

3. The information contained in this affidavit is based on my personal knowledge, my training and experience, and facts and information provided to me by other law enforcement officers involved in this investigation. The facts compromising the basis for this affidavit are true and correct to the best of my knowledge.

4. Because this affidavit is being submitted for the limited purpose of supporting a federal criminal complaint and arrest warrant for the defendants, this affidavit does not purport to set forth all the facts and circumstances known to me about this matter. Instead, this affidavit sets forth only those facts which I believe are necessary to support a finding of probable cause to believe that the defendants have committed the charged offense. Unless specifically indicated otherwise, all statements described in this affidavit are related in substance and in part only and all dates are approximate.

## RELEVANT STATUTES

5. As a result of my training and experience, I am familiar with federal criminal laws. It is my understanding Title 18, United States Code, Section 2314 prohibits the interstate transportation of stolen property and provides, in pertinent part, that:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud ... [shall be guilty of a crime].

*See* 18 U.S.C. § 2314. Based on this, I understand the elements of the offense to be that the defendant: (1) unlawfully transported or caused to be transported in interstate or foreign commerce; (2) goods, wares, merchandise, securities, or money having a value of $5,000 or more which are stolen, converted or taken by fraud; and (3) knowing the same to be stolen, converted or taken by fraud.

6. Additionally, Title 18, United States Code, Section 371 provides in pertinent part:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy...[they shall be guilty of a crime].

*See* 18 U.S.C. § 371.

## PROBABLE CAUSE

7. On or about January 28, 2020, at approximately 3:00am, a deputy with the Wythe County Sheriff's Office ("WCSO"), Wytheville, Virginia, observed a Toyota Prius traveling northbound on Interstate 77 around mile marker 28 ½ at a high rate of speed. The deputy activated his radar and the vehicle's speed registered as 89 miles per hour in a posted 65 mile per hour speed limit zone. Consequently, the deputy executed a traffic stop.

8. Wytheville, Virginia, the location of the traffic stop, is within the Western District of Virginia.

9. There were three occupants in the vehicle, subsequently identified as Zeidan Hamad SAADO, ("SAADO") (driver), Ali Salim MBERWA, ("MBERWA") (passenger), and D.P., a minor ("D.P.") (passenger). When the deputy made contact with the occupants, the deputy smelled an odor of marijuana emanating from within the vehicle and observed marijuana shake and stems in the floorboard of the vehicle. The deputy ran the license plate and determined the license was registered to a Mitsubishi, not the Toyota Prius.

10. The deputy requested SAADO exit the vehicle and asked SAADO if there was more marijuana in the car, to which SAADO replied affirmatively. The deputy opened the driver's side rear door and observed a substantial amount of bundled U.S. Currency

3

located under the front passenger seat. The bills were bundled in bank bands bearing a ten thousand dollar ($10,000.00) designation and stamped with the words "LOOMIS," a date, and a teller number. These bills were in one hundred dollar ($100.00) denominations. One bundle was wrapped in a $10,000.00 bank band stamped with "BANK OF AMERICA", a date, and specific identifying information for the currency. A total of approximately eighty thousand dollars ($80,000.00) in U.S. Currency was in the vehicle bundled in the manner described above.

11. Based on my training and experience, banks and other financial institutions use bank bands and identifiers such as the bank name, a teller number or other alphanumeric information to identify the currency as belonging to the bank and to sort, track and/or count the currency.

12. Based on publicly available information and personal knowledge, Loomis Armored US, LLC is a large cash handling and cash distribution services company that, among other things, provides armed and armored car transportation of currency for banks and businesses. Based on personal knowledge and discussion with other law enforcement officers, consumers and bank customers typically would not have access to or receive currency from a financial institution wrapped in the bank bands described above.

13. Additionally, approximately twenty thousand dollars ($20,000.00) in unbundled, loose bills were found in the vehicle. An additional approximately four thousand dollars ($4,000.00) was found in a backpack in the back seat.

14. Based on the information set forth herein and additional information, WCSO seized the currency. At the time of the drafting of this affidavit the currency seized had not been officially counted, and therefore all dollar values set forth herein are estimated based

4

on information available to the affiant from WCSO.

15. Subsequently, FBI Special Agents Micah Childers and Joshua Bills, with other law enforcement officers, conducted interviews of the three individuals. Based on my discussions with Agents Childers and Bills, the following information was provided:

16. SAADO and MBERWA lived in Buffalo, New York. D.P. had lived with D.P.'s mother in Ruskin, Florida, but had recently moved to Buffalo. D.P. told SAADO and MBERWA that D.P.'s mother's boyfriend had a large amount of cash stored at D.P.'s mother's residence in Florida. SAADO and MBERWA agreed to travel from New York to Florida with D.P. to help D.P. retrieve the money.

17. MBERWA admitted he traveled from Buffalo, New York to Florida with D.P. and SAADO to steal the money D.P. stated would be found in D.P.'s mother's residence and bring the money back to New York. In exchange for his participation, D.P. paid MBERWA $4,000.00. MBERWA admitted when they arrived at D.P.'s mother's residence D.P.'s mother was home and admitted he approached D.P.'s mother at the door and engaged her in conversation to distract her so D.P. could contemporaneously enter the residence from a separate entrance and steal the money.

18. SAADO admitted driving from New York to Florida to retrieve the money from D.P.'s mother's boyfriend, admitted to dropping D.P. off in Florida and picking him back up, and admitted D.P. agreed to pay SAADO $20,000.00 for driving D.P.

19. SAADO, MBERWA and D.P. were in route from Ruskin, Florida to Buffalo, New York with the currency taken from D.P.'s mother's residence when the WCSO deputy conducted the traffic stop in Wytheville, Virginia.

## CONCLUSION

20.     Based on the foregoing, your affiant asserts that there is probable cause to believe that Zeidan Hamad SAADO and Ali Salim MBERWA committed violations of Title 18, United States Code, Section 2314 and Section 371. Accordingly, I respectfully request that a federal arrest warrant issue for Zeidan Hamad SAADO and Ali Salim MBERWA.

Respectfully submitted,

Charles G. Jarboe, Special Agent
Federal Bureau of Investigation

Sworn *telephonically* before me this 30th day of January, 2020.

Hon. Pamela Meade Sargent
United States Magistrate Judge